UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS LALOLI,<br><br>            Plaintiff,<br><br>    v.<br><br>C.R. BARD, INC., et al.,<br><br>            Defendants. | Case No. 19-cv-05679-JST<br><br>**ORDER RE MOTIONS IN LIMINE** |

The Court now rules as follows regarding the parties' motions in limine:

**I.**     **Plaintiff's Omnibus Motion in Limine No. 1 (ECF No. 156)**

    **A.**     **Motion To Preclude "Any Suggestion that Mr. Laloli's Eclipse Filter Caught or Stopped a Clot and Saved His Life"**

This motion is granted. Dr. Stein may not suggest that Laloli's filter "accomplished its mission" by stopping or dissolving a clot. Dr. Stein may identify the purpose of the IVC filter – to stop and dissolve clots – and may note that Plaintiff Laloli appears not to have suffered a pulmonary embolism after the device was implanted. What neither he nor any other witness may do, however, is draw the conclusion that the Bard IVC filter necessarily stopped or dissolved a clot.

    **B.**     **Motion to Preclude "Arguments Regarding Alleged Complaint or Failure Rates or the Medical Community At-Large"**

        **1.**     **Motion to preclude "[a]ny implication that the relatively modest number of complaints regarding IVC filters demonstrate that the product is 'safe' or that the complaint rate is equivalent to the complication rate"**

Plaintiff's motion and Bard's opposition each frame the motion differently. Plaintiff moves to preclude Bard from introducing evidence that "the complaint rate is equivalent to the complication rate," but Bard acknowledges that these things are not the same. ECF No. 161 at 7.

To the extent the foregoing accurately characterizes Plaintiff's motion, the motion is therefore granted. To the extent the motion seeks to preclude evidence of Bard's reported complication rates – whether internal, external, or otherwise – the motion is denied. Such evidence is relevant to whether Bard acted reasonably in designing the G2X.

> **2. Motion to preclude "[a]ny reference to the number of people allegedly implanted or treated with IVC filters based on the number of units sold" or "[a]ny reference to the total product sales for IVC filters"**

The Court construes these two subparts together as a motion to exclude Bard's filter sales figures. So construed, the motion is denied. Concerns about the inferences to be drawn from such evidence can be addressed through cross-examination.

> **3. Motion to preclude "[a]ny reference to any specific percentage of doctors who use IVC filters"**

The motion is granted as unopposed.

> **4. Motion to preclude "[a]ny reference as to what 'all physicians know' regarding risks or benefits of procedures or devices, deep venous thrombosis, or similar statements"**

Plaintiff's entire argument in support of this motion is as follows: "These references are patently speculative, unfairly prejudicial, and amount to hearsay." ECF No. 156 at 5. Since Plaintiff does not identify what "these references" are, however, it is not possible for the Court to fairly evaluate, much less grant, the motion. *See In re Bard IVC Filters Prod. Liab. Litig. (Booker)*, No. CV-16-00474-PHX-DGC, 2018 WL 1109554, at *8 (D. Ariz. Mar. 1, 2018) ("Because Plaintiffs identify no specific statement from any particular association, the Court cannot grant Plaintiffs' motion.").

The motion is denied.

### C. Motion to Preclude the Opinions of Trade Associations Or Other Organizations Are Not Relevant to Plaintiff's Claims and, Therefore, Should Be Excluded

The motion is denied. "The . . . SIR guidelines . . . are relevant to Plaintiffs' negligence and punitive damages claim. In deciding whether Defendants acted reasonably for purposes of the negligence claim, the jury may consider rates of risk accepted within the medical community (the SIR guidelines) and what Defendants told physicians about those risks in the IFU." *In re Bard*

*IVC Filters Prod. Liab. Litig. (Hyde)*, No. CV-16-00893-PHX-DGC, 2018 WL 4215028, at *4 (D. Ariz. Sept. 4, 2018).

Although *Hyde* was decided under Wisconsin law, the California law the jury will apply in the present case relies upon similar considerations. Under California law, "[a] product is defective under the risk-benefit test if the plaintiff demonstrates that the product's design proximately caused his injury and the defendant fails to establish, in light of the relevant factors, that, on balance, the benefits of the challenged design outweigh the risk of danger inherent in such design." *Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 987 (N.D. Cal. 2014) (citation omitted). The relevant factors include "the gravity of the danger posed by the challenged design, the likelihood that such danger would occur, . . . and the adverse consequences to the product and to the consumer that would result from an alternative design." *Id.* (quoting *Barker v. Lull Eng'g Co.*, 20 Cal. 3d 413, 431 (1978)). *See also* CACI 1221 ("In determining whether [defendant] used reasonable care, you should balance what [defendant] knew or should have known about the likelihood and severity of potential harm from the product against the burden of taking safety measures to reduce or avoid the harm.").

The SIR guidelines bear on these questions. Thus, to the extent Bard can demonstrate that it was aware of the SIR guidelines contemporaneously, they are admissible. Bard also suggests that these materials are admissible under Rule of Evidence 803(18). The Court will defer ruling on that issue until trial.

### D. Motion to Preclude Any Suggestion That Placement of An IVC Filter is a Standard or Routine Course of Treatment

The motion is denied. This evidence is relevant to the risk/utility analysis the jury will be asked to perform. *Booker*, 2018 WL 1109554, at *5; *Chavez v. Glock, Inc.*, 207 Cal. App. 4th 1283, 1305 (2012) (quotation omitted) ("The test of negligent design involves a balancing of the likelihood of harm to be expected from a [product] with a given design and the gravity of harm if it happens against the burden of the precaution which would be effective to avoid the harm." (quotation and citation omitted)).

/ / /

3

**E.     Motion to Preclude Any Reference to the Number of Documents Bard Has Produced in This Litigation**

The motion is denied.

**F.     Motion to Preclude Bard From Making "Empty Chair" Arguments**

**1.     Motion to preclude reference to fault or negligence of non-parties**

The motion is denied. Bard is entitled to present evidence of other causes of any injuries suffered by Plaintiff.

**2.     Motion to Preclude reference to or adverse inference from Plaintiff not suing all potential parties**

Bard does not respond to this portion of the motion, which is granted.

**II.     Plaintiff's Motion in Limine No. 2 To Preclude Introductoin of or Reference to "The Surgeon General's Call to Action" (ECF No. 151)**

This motion is denied. The Surgeon General's report is a relevant public record that is not made inadmissible by the hearsay rule. Its probative value is not outweighed by the risk of undue prejudice. The Call to Action report is relevant to Plaintiff's negligent design claim because, at the very least, it is relevant to the risk-benefit analysis the jury must perform. *In re Bard IVC Filters Prod. Liab. Litig.*, No. CV-16-00893-PHX-DGC, 2018 WL 4279833, at *2-3 (D. Ariz. Sept. 7, 2018).

**III.     Plaintiff's Motion in Limine No. 3 to Exclude Any Reference to IVC Filters as Lifesaving Devices or to Statistics of Thrombi and Pulmonary Emboli (ECF No. 152)**

This motion is denied for the reasons stated in *Booker*, 2018 WL 1109554, at *4.

**IV.     Plaintiff's Motion in Limine No. 4 Sending Warning Letters to Physicians or Consumers Changing the Instruction for Use To Add or Strengthen Warnings or Effectuate A Removal or Recall Without FDA Consent (ECF No. 153)**

Both the motion and the opposition appear to be legacy briefs from cases in which a plaintiff asserted a failure to warn claim, which Laloli does not assert here. Bard's opposition, for example, states as follows:

> Bard is entitled "to present evidence and argument explaining the reasons why Bard filters were not recalled, the FDA's potential involvement in any recall effort, and *the fact* that warnings about failure rates and increased risks could not be based on [medical device reports] MDR and MAUDE data alone." *In re Bard IVC Filters Prod. Liab. Litig. (Booker)*, No. CV-16-00474-PHX-DGC, 2018 WL 1109554, at *12 (D. Ariz. Mar. 1, 2018) (emphasis added); (*see* Doc. 3 at 28). Bard is also entitled to argue that the changes to the warnings contemplated by Plaintiff are based on insufficiently reliable data and fall outside the realm of possible changes Bard could effectuate without FDA clearance. *Id.*

ECF No. 165 at 2 (emphasis in original). The citation to *Booker* is inapposite; Judge Campbell allowed this evidence in that case because it was relevant to the plaintiff's failure to warn claims. There are no such claims here. Bard does not explain, and the Court does not see, how this evidence is relevant to Laloli's negligent design claim.

The motion is granted.

**V.     Plaintiff's Motion in Limine No. 5 To Preclude References to the Clearance of Bard IVC Filters by the FDA, Lack of Enforcement Action as Proof of Safety and Efficacy, And Referring to the Bard IVC Filters as "Approved" by the FDA (ECF No. 155)**

The motion is granted in part and denied in part.

Bard argues that evidence regarding the FDA approval process is relevant to design defect and punitive damages claims, citing two prior orders by Judge Campbell. Those orders, however, were decided under Georgia law. *See In re Bard IVC Filters Prod. Liab. Litig. (Transfer Order)*, No. MDL 15-02641-PHX-DGC, 2020 WL 5441292, at *9 (D. Ariz. Sept. 10, 2020) (summarizing prior orders).

Neither Bard nor Plaintiff make any effort to apply California law. Nonetheless, the Court concludes, based on its limited research, that these principles have a basis in the general common law. *See* 2 Owen & Davis on Prod. Liab. § 14:7 (4th ed.) ("Compliance with a relevant governmental safety standard is some evidence of a manufacturer's non-negligence and a product's nondefectiveness[.]"). Accordingly, Bard can introduce evidence regarding the FDA 510(k) process. Bard may not, however, introduce evidence of any lack of FDA enforcement action, which is of no probative value.

**VI.    Defendant's Motion in Limine No. 1 To Exclude Filter Migration Deaths (ECF No. 142)**

The motion is granted. Plaintiff fails to show the "substantial similarity" required before he may introduce evidence of deaths caused by a different Bard device than the one at issue in the present case. *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991); *Maiorano v. Home Depot U.S.A., Inc.*, No. 3:16-CV-02862-BEN(MDD), 2018 WL 2128609, at *3 (S.D. Cal. May 9, 2018) ("A plaintiff attempting to introduce evidence of other accidents as direct proof of negligence, design defect, or notice of the defect must first make a showing of

'substantial similarity.'" (citation omitted)).

### VII. Defendant's Motion in Limine No. 2 to Exclude Recovery Filter Marketing, Communications, and Other Purported "Bad Acts" (ECF No. 143)

The motion is granted. The slight relevance of this evidence is outweighed by the danger of undue prejudice and the undue consumption of time. Fed. R. Evid. 403. The marketing of the Recover IVC filter does not bear on either the liability issues regarding the G2X filter or Bard's intent as it may be relevant to the determination of punitive damages.

### VIII. Defendant's Motion in Limine No. 3 to Exclude the FDA Warning Letter (ECF No. 144)

Insofar as the motion pertains to Topics 1, 2, 4, 5, 6, and 8 in the FDA warning letter, Plaintiffs have stipulated that they will not introduce such evidence, and that portion of the motion is denied as moot. *See* ECF No. 187 at 2 n.1. Defendants' requests that the Court exclude evidence of Topic 7, defer ruling on Topic 3 until trial, and require Plaintiff raise the introduction of Topic 3 outside the presence of the jury are all granted.

### IX. Defendant's Motion in Limine No. 4 to Exclude Opinions in Dr. Garcia's Post-MDL General Expert Report Titled "Expert Report Regarding Matters Related to BARD IVC Filters and Clot Formation" (ECF No. 145)

Defendant's motion is granted for the reasons given in Judge Kacsmaryk's May 10, 2021 order in *James Blackwell v. C. R. Bard Inc., et al.*, Case No. 2:19-CV-180-Z, ECF No. 68 (N.D. Tex. May 10, 2021). Plaintiff's disclosure of Dr. Garcia's supplemental report was untimely and a violation of this Court's scheduling order. Plaintiff's arguments that it satisfied its disclosure obligations with respect to Dr. Garcia by disclosing his supplemental opinions to Bard in *other* cases are therefore not only unsupported by authority but also irrelevant. The same is true of the Plaintiff's argument that Bard had the opportunity to depose this witness in other litigation.

### X. Defendant's Motion in Limine No. 5 to Exclude Plaintiff's Hearsay Testimony (ECF No. 147)

The motion is granted subject to Plaintiff's right to make a motion for reconsideration at trial if Defendants offer evidence that makes Plaintiff's state of mind relevant. Plaintiff argues that "Bard will present a defense that Mr. Laloli's conduct at various stages was 'lawyer-driven,' . . . rais[ing] questions regarding the reasons Mr. Laloli sought medical treatment and the timing of the

same." ECF No. 189 at 2.  Should that happen, Plaintiff wishes to be able to offer Dr. Williamson's statements to explain Plaintiff's desire to seek treatment.  *Id.*  The Court will give Plaintiff the opportunity to make that argument should it become relevant.  "Out-of-court declarations introduced to show the effect on the listener are not hearsay."  *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 935 (9th Cir.), *opinion amended on denial of reh'g*, 313 F.3d 1093 (9th Cir. 2002).  The Court's ruling here does not admit Dr. Williamson's statements for any purpose but simply allows the Plaintiff to seek reconsideration if and when appropriate.

### XI. Defendant's Motion in Limine No. 6 to Exclude Financial Information in Bard's Product Opportunity Appraisal Documents  (ECF No. 148)

This motion is granted in its entirety.  The information contained in the Product Opportunity Appraisal documents has no bearing on the liability, damages, or punitive damages phases of the trial.

**IT IS SO ORDERED.**

Dated:  July 25, 2021



JON S. TIGAR
United States District Judge